FELIX TORRES, JR.
P.O. BOX 3325
DANA POINT, CA 92629
TELEPHONE: 949-973-2431
Email: boalt77@yahoo.com

IN PRO PER

UNITED STATES COURT OF APPEALS

FOR THE 9TH CIRCUIT

| | |
|---|---|
| In re the Matter of<br><br>FELIX TORRES, JR.,<br><br>          Respondent,<br><br><br><br><br><br>Real Parties in Interest<br><br>FELIX TORRES, JR.<br>          Plaintiff,<br>     vs.<br><br>NEVADA SUPREME COURT, THE CLERK OF THE SUPREME COURT OF NEVADA Individually and in his/her official capacity; STATE BAR OF NEVADA BOARD OF GOVENORS, individually and in their official capacities; THE BOARD OF EXAMINERS OF THE BAR OF | ) D.C. Case No. 09-CV-00280<br>) RCJ(LRL)<br>)<br>) **RESPONDENT'S CASE NO:**<br>)<br>) **WRIT OF MANDAMUS**<br>)<br>) COMPLAINT FILED 2/09/09<br>)<br>)<br>) "THIS NOTICE OF<br>) APPEAL/PETITION IS FILED<br>) SUBJECT TO<br>) PRE-FILING REVIEW ORDER No.<br>) 08-80142"<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

WRIT OF MANDAMUS

NEVADA individually and in their official capacities; Patrice Eichman individually and in her official capacity, as Director of Admissions of the State Bar of Nevada and DOES 1-10, Inclusive.

Defendants

## INTRODUCTION

1. Responded submitted his complain and alleged that he would be subjected or would be subjected to intentional and negligent infliction of constitutional deprivation of civil rights.

2. Respondent contends that the actions of defendants herein alleged violates his "constitutional right to travel" provided by the 5th amendment (i.e. his name has been stricken from the rolls of attorneys licensed to practice in California (disbarred) and thus is not entitled to sit for the NEVADA bar exam and become a member of that Bar and practice in that state).

3. Plaintiff furthers contends defendants violate his Eighth Amendment right against excessive punishment e.g. Rule 51 prohibiting Plaintiff from practicing law in its state based on a California Bar disbarment determination and not based on its own determination;

4. Plaintiff furthermore contends that NEVADA SUPREME COURT RULES 51 constitutes a violations of the privileges and immunities clause prohibited by the

Fifth Amendment was written and applied (or not applied) pursuant to a designed to provide other states within the Union to have a defacto decision on whether or not a citizen can become a member of the NEVADA Bar;

5. Plaintiff alleges that NEVADA SUPREME COURT RULES 49 & 50 violates the privileges and immunities clause in addition to the equal protection and substantive due process of the 14th Amendment because they were written and applied (or not applied) pursuant to a designed to prohibit the ability to make a living in that defendants are accused of intentional interference with a contractual dealings in business employment relationship between plaintiff and potential employers e.g. in the field of Nevada law practice i.e. providing legal services.

6. Nevada Supreme Court Rule 49. **Board of governors of state bar to govern admission to practice law; fees; board of bar examiners.**

**Board of bar examiners.** With the approval of the supreme court, the board of bar examiners, in consultation with the board of governors of the state bar, shall have the power to fix and determine the qualifications for admission to practice law in this state, and shall have the power to fix and collect fees from all applicants for admission to practice law in this state, which fees shall be paid into the treasury of the state bar.

**Committee on moral character and fitness; duties and composition.** The committee on moral character and fitness is a subcommittee of the board of bar examiners, and has all those powers and duties delegated under the supreme court rules to the board of bar examiners relating to the conduct of investigations and hearings, and the submission of reports and recommendations to the supreme court respecting the ethical, moral and psychological fitness of applicants for admission to practice law in this state. The committee on moral character and fitness shall be composed of nine members who are active members of the state bar, and up to four lay members who are professionals with expertise in fields that are germane to the determination of character and fitness issues confronted by the committee. Five of the attorney members shall be appointed by the supreme court, and four of the attorney members shall be appointed by the board of governors. The board of governors shall also appoint the lay members of the committee. The supreme court shall appoint one of the attorney members to chair the committee.

For those applicants whose applications reflect conduct or information warranting further inquiry, but not necessarily warranting a formal hearing, the chair and the director of admissions may conduct an informal interview in an attempt to counsel an applicant or to resolve a matter informally. If the matter is not resolved to the satisfaction of the chair, a formal hearing may be held.

**Director of admissions.** The board of governors shall appoint a director of admissions, and as many assistants as are necessary to administer the admissions process and bar examination. The appointment of the admissions director shall be made only after consultation with the board of bar examiners. The admissions director shall have the responsibility to administer the bar examination, to carry out all the specific duties of the admissions director as hereinafter provided in these rules and shall serve as secretary to the board of bar examiners.

**Administrative policies, procedures and guidelines for admission to practice law.** The board of bar examiners, the clerk of the supreme court and the admissions director shall, as approved by the supreme court, jointly define, adopt and publish specific administrative policies, procedures and guidelines consistent with these rules:

(a) To ensure timely and efficient admissions to the bar, accurate, fair and confidential administration of the bar examination and the reporting of the bar examination results to the supreme court.

(b) To inform applicants in a timely and accurate manner of all requirements pertaining to applications for and admission to practice and all pertinent procedures relating to the administration, processing and grading of the bar examination.

(c) The provisions of these Rules shall prevail over any conflicting provisions in the administrative policies, procedures and guidelines.

7. Nevada Supreme Court **Rule 50. Power of board of bar examiners to examine applicants.**

1. The court hereby confers upon the board of bar examiners the power to examine applicants pursuant to Rule 49.

2. The board of bar examiners shall conduct written examinations of applicants, and may also, in its discretion, conduct oral examinations of applicants on any relevant matters except the bar examination subjects listed in Rule 66.

3. As soon as practicable, all members of the board of bar examiners shall enroll and participate in at least one grading seminar or workshop conducted by the National Conference of Bar Examiners. The provisions of this rule shall not preclude the board of bar examiners from employing qualified graders.

4. The board of bar examiners shall investigate, adequately and thoroughly, each applicant's moral character and fitness for membership in the bar and carefully pursue any adverse information relating to the moral character and fitness of an applicant. In fulfilling this function, the board of bar examiners may utilize

the services of a professional investigator, preferably with training and experience in bar admissions.

5. In conducting its investigations concerning the character qualifications of applicants, the board of bar examiners may conduct hearings as provided by Rule 57 or may request any disciplinary board or panel thereof of the state bar to investigate the character of any applicant and to make a report and recommendation to the board of bar examiners concerning the applicant. The report and recommendations of the local administrative committee shall not be binding upon the board, and shall in no way prevent the board from making its own investigation, but the board may base its recommendation concerning the admission of the applicant either in whole or in part upon materials and testimony collected and heard by the committee and upon the report and recommendation of the committee.

The board of bar examiners shall, within 30 days of the conclusion of any hearing concerning the character qualifications of an applicant, notify the applicant of the results of the hearing. The board of bar examiners shall file a report with the clerk of the supreme court describing the nature and purpose of the hearing, and the results thereof in accordance with Rule 69(2).

6. The board of bar examiners shall have the power to investigate applicants through the National Conference of Bar Examiners, or any other investigative agency, to receive reports confidential or otherwise on the background of an applicant, and to incur necessary expenses in connection with the same. Any reports obtained pursuant to such investigations may be classified confidential and shall not be available for inspection by the applicant unless the supreme court or the board of bar examiners otherwise orders.

8. Nevada Supreme Court Rule **51. Qualifications of applicants for examination.**

An applicant for examination for a license to practice as an attorney and counselor at law in this state shall:

1. Have attained the age of majority.

2. Be present or available within the State of Nevada, and remain so until examined as required by Rule 65, so as to permit and facilitate the examination, investigations, interviews and hearings necessary to determine the applicant's morals, character, qualifications and fitness to practice law.

3. Have received a degree of bachelor of laws, or an equivalent law degree, from a law school approved by the committee on legal education and admissions to the bar of the American Bar Association, and shall present evidence of the same.

4. Demonstrate that the applicant is of good moral character and is willing and able to abide by the high ethical standards required of attorneys and counselors at law.

**5. Not have been refused admission to practice law, or have been disbarred from the practice of law, in any state or before any court or governmental agency of the United States on the ground of unfitness of character.**

6. Not be subject to any mental or emotional disorder which would render the applicant unfit to practice law.

7. Not be an abuser of alcohol or prescription drugs, or a user of illegal drugs.

8. Demonstrate financial responsibility.

9. Be in full compliance with any court order, including without limitation, spousal or child support orders.

## RESPONDENT'S REQUEST

Respondent requests that (1) that the lower district court move on his case; and (2)that he be allowed to sit and take the February 2010 Nevada Bar Exam with all fees waived and that special accommodation ( a private hotel room where applicant can record his answers and paid for by the Nevada State Bar, ( in addition to paying for typing out of the Respondent recorded answers by a typist).

Based on Respondent's declaration incorporated by reference and attached to this Writ request, which states the following:

(1) Respondent's case after six months in the lower court has not move even though pursuant to local rules Respondent requested a status action in his case (see attached letter to district court docket item #4)  e.g. granting or denying a fee waiver or filing of the case complaint;

(2) Respondent has missed taking the July 2009 exam;

(3) Respondent is 59 and half years old, disabled under the ADA act;

(4) Respondent due to his disability cannot afford the fees and costs of taking the Nevada Bar in February 2010.

## JURISDICTION

FRAP 21

WRITS OF MANDAMUS AND PROHIBITION, AND OTHER EXTRAORDINARY WRITS

(a) Mandamus or Prohibition to a Court; Petition, Filing, Service, and Docketing.

(1) A party petitioning for a writ of mandamus or prohibition directed to a court must file a petition with the circuit clerk with proof of service on all parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes.

(2) (A) The petition must be titled "In re [name of petitioner]."

(B) The petition must state:

(i) the relief sought;

(ii) the issues presented;

(iii) the facts necessary to understand the issue presented by the petition; and

(iv) the reasons why the writ should issue.

(C) The petition must include a copy of any order or opinion or parts of the record that may be essential to understand the matters set forth in the petition.

(3) Upon receiving the prescribed docket fee, the clerk must docket the petition and submit it to the court.

## POINTS AND AUTHORITIES

A petition for writ of mandamus pursuant to 28 U.S.C.S 1651 is an extraordinary writ. A court should consider five guidelines to determine whether to grant mandamus relief: (1) the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order is clearly erroneous as a matter of law; (4) the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of law of first impression. Bauman v.United States District Court, 557 F.2d 650, 654-55 (9th Cir.1977).

Only the items number 1 and 2 above should be considered because under the facts of this case none of the other items are ripe for discussion.

Based on the declaration of Respondent in support of this request it goes without question that he getting older and because of his disability his short window of opportunity of helping the poor is closing fast. It goes without saying that only after being provided special accommodations when he passed the FEBRUARY 1988 California Bar exam, such as a hotel room and having his answers tape recorded did he pass that bar after eleven attempts. Pointing out that

in the previous times he sat for the exam his illness affected his writing ability, strength and he became fatigued.

It would have been futile for Respondent to have filed a similar request such as current Writ request because the lower court after six months has not ruled on his simple request for a fee waiver in order to file his complaint.

## CONCLUSION

Thus, under the FRAP 21 and under the ADA Act of 1990 as modified in 2008, Respondent requests that his court issue a writ mandating that the lower court rule on Respondent's request for fee waiver and file his complaint.

Furthermore this court should mandate that Respondent be allowed to sit for the Nevada State Bar exam in **February** 2010 having his fees waived and that the defendants provide a hotel room (or similar environment) and typist to provide a typing of Respondent's recorded answers also paid by defendants.

RESPECTFULLY SUBMITTED:

DATED: AUGUST 28, 2009

FELIX TORRES, JR.

Respondent/Plaintiff

CASE NO. – **09-CV-00280 RCJ(LRL)**

PROOF MAIL SERVICE

I, FELIX TORRES, JR. am over 18 years if age and a party to the within above entitled action, that I am a resident of ORANGE COUNTY, CALIFORNIA and the CITY OF DANA POINT, CALIFORNIA.

Pursuant FRCP 5 in the ordinary course of business practice, on SEPTEMBER 4, 2009, I    MAILED, copy of (without attachments already in possession of lower court)

**WRIT OF MANDAMUS**

To:
US FEDERAL DISTRICT COURT
DISTRICT OF NEVADA-LAS VEGAS
CLERK'S OFFICE
333 LAS VEGAS BLVD. SOUTH
LAS VEGAS, NV 89101

I declare under penalty of perjury under the laws of the State of California at the foregoing is true and correct.   Executed at DANA POINT, CA this day of SEPTEMBER 4, 2009.